Error was prosecuted and error was claimed in the courts refusing to direct a verdict for the Company; in refusing to give request number four; and error in courts charge. It was claimed that the evidence given by Mrs. Beach raised a presumption of contributory negligence on her part which she failed to overcome. The Court of Appeals held:

1. It cannot be said that her evidence raised a presumption of contributory, for if she used ordinary care for her own safety, and looked and listened upon approaching the crossing and failed to see or hear anything which would warn her of an approaching train, this presumption does not arise.

2. Since there was evidence tending to prove every essential fact necessary to entitle Mrs. Beach to recover, she was entitled to have the case submitted to the jury under proper instructions. Grimm v. Girard (Village), 88 OS. 34.

3. The court correctly refused to give charge number four of the company because of its failure to state therein that the negligence complained of by it "directly" or "proximately" contributed to the injury. Chesrown v. Bevier, 101 OS. 282.

4. The courts charge was substantially that if the jury found the defendant company was negligent in on or more of the particulars complained of in the petition by a preponderance of the evidence, and such negligence was the proximate cause of the injury, Mrs. Beach could recover.

5. It was contended by the Company that inasmuch as Mrs. Beach's testimony established beyond controversy that its failure to station a rider on the engine to warn passersby could not have been a factor in causing the accident, it was error for the court to submit this claim of negligence to the jury.

6. Under the evidence there was room for reasonable minds to reach different conclusions upon each claim of negligence set forth; and therefore the court did not err in its charge.

Judgment affirmed.

Attorneys—W. H. Leete and J. M. Cahill for Railroad Co.; Roby and Jackson for Beach; all of Lima.

---

No. 28

FRENCH BROS. BAUER CO. v. TOWNSEND BROS. MILK CO. et

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2768.    Decided Nov. 9, 1925.

1206. UNFAIR COMPETITION — Where former employees in a competing business knew and had in mind every customer under former employer, rule is just as applicable as if there had been a written list.

BUCHWALTER, P. J.

This action was one in appeal for injunction by the French Bros. Bauer Company against the Townsend Bros. Milk Company et al, on the ground of unfair competition. The Bauer Company claimed that the defendant company, by enticing away its employees for the purpose of securing trade routes built up by the plaintiff company and in the use of the same, Townsend Bros. Milk Company, in an endeavor to sieze the good will of plaintiff company is guilty of unfair competition.

It seems that in 1906 the Bauer Company purchased the Townsend Milk Co. operated by John Townsend, the father of Elmer, Roy and Henry Townsend. Later the Townsend Milk Company was conducted as an independent branch of the Bauer Company. In 1915 The Townsend Company and the West Dairy Co. was purchased by the French Bauer Company and the three sons were employed in the business until January 1924, when Henry left. In June, 1925, Elmer and Roy Townsend became associated with their brother in a competing business under the name of the Townsend Bros. Milk Co.

Elmer Townsend was in full charge of the advertising and the hiring of employees. It was claimed that various drivers, skippers and the chief route foreman of the Bauer Company left it upon his resigning, and became associated with the Townsend Bros. Milk Company.

It was claimed that a campaign was started to secure customers for the new Company; and old employees of the plaintiff were employed to this end, soliciting over the same routes as they had been employed to do when in the employ of plaintiff; and that many of the former customers of the French Bros.-Bauer Co. were secured by this method. The Court of Appeals held:

1. The important question, it seems, is the employment of the former employees, route men, etc., in securing the customers of the former employees, route men, etc., in securing customers of the plaintiff company.

2. While there is no written list of such customers, the employees knew and had in mind every such customer and the reason for the rule is just as pertinent under these circumstances, as if there had been a written list.

3. From an examination of the record, the plaintiff has offered sufficient evidence to warrant the issuance of an injunction.

4. An injunction will be allowed to prevent the Townsend Bros. Milk Company from em-

## STATE COURT OF APPEALS—Continued

ploying any of the drivers, route foreman, or skippers of the French Bros.-Bauer Co., who were formerly, or are at present employed by The Townsend West Dairy Co., to serve or to work over the trade routes served by such employees at the time of leaving the French Bros.-Bauer Co.; and from employing such employees to solicit the customers served by them while employed by plaintiff, to become customers of said defendant.

5. The injunction will continue for one year from date of the decree entered in the Superior Court of Cincinnati, herein.

Decree accordingly.

Attorneys—Mallon & Vordenberg for Bauer Co.; Harmon, Colston, Goldsmith and Hoadley, for Townsend Co.; all of Cincinnati.

---

No. 29

PITTS. CINCIN., CHIC. & ST. L. RY. CO. v. SUGAR et

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1313.  Decided Dec. 2, 1925

1235.  VERDICT—Court may reduce verdict with plaintiff's consent, in presence of jury, if the right to reduce after jury has been discharged exists.

ALLREAD, J.

Frank and James Sugar brought an action against the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Co. in the Franklin Common Pleas for damages to a shipment of fruit due to the alleged negligence of the Railway Co. in caring for the refrigerator car in which the shipment was carried.

The jury returned a verdict in favor of Sugar for $1187.61, but upon instruction from the Court and permission by the plaintiff reduced it to $1084.50.  The change in the verdict by the court was made a ground for error, and upon prosecution of error, the Court of Appeals held:

1. The change in the verdict by direction of the court was not prejudicial to the Railway Co.  The jury had presented a complete verdict for a larger sum.

2. The court might have reserved its action on the amount of the verdict and might have, with consent of Sugar, reduced the verdict after the jury had been discharged.

3. The Court could exercise the same power in the presence of the jury, before the jury's discharge from the consideration of the case.

4. Considering the charge as a whole and not certain isolated paragraphs only, the case was fairly submitted and no error was contained in the charge.

Judgment affirmed.

Attorneys—Henderson & Burr and Sherman B. Randall for Company; O. H. Mosier for Sugar et; all of Columbus.

---

No. 30

WEISE v. WEISE

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5959.  Decided Oct. 26, 1925.

293.  CONTEMPT—1.  Where the evidence is clear that a party is unable to comply with an order of the Court, such party is not guilty of contempt.

2. Where the order of Court is for payment of money, it is error to commit a party to jail for refusal to comply with such order; fine being the only punishment provided.

VICKERY, J.

Katherine Weise obtained an order for alimony of $1000 in the Cuyahoga Common Pleas against her former husband, Aurthur Weise. The alimony was ordered to be paid in installments at the rate of $10 per month.  It appears that Aurthur failed to pay as ordered and he was cited for contempt and was committed to jail until he would pay the arrears of $250.00.  Error was prosecuted on the ground that under the evidence Weise was not guilty of contempt.  The Court of Appeals held:

1. The evidence clearly showed that he had no money and was unable to procure work.

2. This constitutes a good excuse for not complying with the court's order.

3. Contempt of court in such cases is evidenced only by facts showing that the defendant refuses to pay when he could pay or has placed himself in a position where he would be unable to pay, and this is not borne out by the evidence in this case.

4. The statute which provides for commitment to jail until a party complies with an order of court does not apply in cases where the order is for payment of money; in such cases fine is the only punishment.  The court below therefore committed error.

Judgment reversed and Arthur Weise discharged.

Attorneys—Reed, Meals, Orgill & Maschke for Weise; Smith, Olds & Smith for Katherine Weise; all of Cleveland.